## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

NOLAND COMPANY, INC. v. GRACE O. WAGNER, AD-
MINISTRATRIX OF THE ESTATE OF D. W. WAGNER,
DECEASED.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*S. Bruce Jones*, for the plaintiff in error.

*R. L. Pennington*, for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

This is a motion made by Noland Company, Incorporated, against the administratrix of D. W. Wagner, deceased, claiming as the assignee for value of an open account which had been assigned to it by a copartnership composed of Fred Hayes and J. Herbert Hayes, who were plumbing and heating contractors, they being indebted to Noland Company, Incorporated.

D. W. Wagner was a general contractor for the construction of buildings.

The original notice claimed the sum of $2,116.02, with interest from August 1, 1926. The defendant claimed a small offset and also pleaded the general

issue, denying all liability. When called upon for a bill of particulars, the plaintiff filed a long account, the first item of which is April 2, 1924, and the last April 22, 1927, which, including interest, makes an aggregate debit charge of $12,934.77. The bill showed credits through the same period of $11,111.08; and the balance claimed was $1,825.69, for which it asked judgment.

A jury was waived, and the case submitted to the trial judge. The plaintiff relied upon the evidence of J. Herbert Hayes, one of the copartners.

For the administratrix, the statute, Code 1919, section 6209, is relied on. This reads:

"In an action or suit by or against a person who, from any cause, is incapable of testifying, or by or against the committee, trustee, executor, administratrix, heir, or other representative of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony; * *."

The question presented and chiefly argued is, whether a recovery can be had against Wagner's administrator on the uncorroborated testimony of J. Herbert Hayes.

Several cases have been decided since the enactment of this statute, among them, *Atlantic Coast Realty Co.* v. *Robertson*, 135 Va. 247, 116 S. E. 476; *Epes* v. *Hardaway*, 135 Va. 80, 115 S. E. 712; *Burton's Executor* v. *Manson*, 142 Va. 500, 129 S. E. 356; *Varner's Executors* v. *White*, 149 Va. 177, 140 S. E. 128; *White* v. *Pacific Mutual Life Ins. Co.*, 150 Va. 849, 143 S. E. 340.

There seems to be no obscurity in the language of the statute, but its application to particular cases may be sometimes difficult. That a judgment cannot be founded upon the uncorroborated testimony of one

who is either a party to the action, or of one who though not a party to the action is interested in its result, is certainly true, but as the facts and circumstances attending each case are always different from the precise facts of another case, it is impossible to frame a general rule which could be universally applied. Corroboration in such cases there must be. The precise nature of the required corroboration or the weight to be given to the corroborating evidence depends upon the facts of each particular case.

It is only because of the statute, Code 1919, section 5768, that an assignee may sue in his own name. But for that statute it would have been necessary to bring this motion in the name of the assignor for the benefit of the assignee. In that event, of course, the testimony of J. Herbert Hayes would have required corroboration, because he would have been the party plaintiff in the motion. The statute authorizing the assignee to sue in his own name should not be construed to change the rules of evidence applicable. While an assignor is not nominally a necessary party to the proceeding, he is by the provisions of that section necessarily interested in its result, because by the express terms of the statute an assignee must "allow all just discounts, not only against himself, but against such obligee, payee, or contracting party, before the defendant had notice of the assignment or transfer by such obligee, payee, or contracting party, and shall also allow all such discounts against any intermediate assignor or transferrer, the right to which was acquired on the faith of the assignment or transfer to him and before the defendant had notice of the assignment or transfer by such assignor or transferrer to another."

The assignor is thus, in legal effect, a party to the litigation. Even if this were not true, he is directly

interested in the result of the litigation. In this case, the partnership, assignor, has or will receive credit on its own indebtedness to Noland Company, Incorporated, assignee, because this indebtedness was the consideration for the assignment. There seems to us no doubt whatever that there can be no judgment in this case against the defendant upon the uncorroborated testimony of J. Herbert Hayes, because he has a present certain direct interest, and will either gain or lose by the direct legal operation of the judgment. *Eisenlord* v. *Clum*, 126 N. Y. 552, 27 N. E. 1024, 12 L. R. A. 837, note; 28 R. C. L., page 474, section 61.

The mass of learning and confusion in the books as to when the disqualification of an interested witness may be removed and his testimony admitted is of slight value in this case. Interest is no longer a disqualification in this jurisdiction, but in cases like this there must be such corroboration as satisfies the court that there should be a recovery.

A careful examination of the evidence fails to show any substantial corroboration. The only corroboration relied upon is the production of a large number of tickets of mechanics, laborers or clerks as to materials furnished and labor performed under numerous different contracts and on several buildings, during the period of two and one-half years covered by the account. Many of these tickets refer to contracts for which settlement had long since been made, and the only effect which can be allowed to any or to all of them is to show that the parties had many transactions with each other. They show nothing whatever as to the several contracts under which the work was performed, the materials furnished, or the amounts due therefor. While the witness referred frequently to his books of account and original entry and was re-

peatedly told to produce them for inspection, and always agreed to do so, none were ever produced. He relied solely upon his memory and upon certain invoices which from time to time, as he testified and as one of his clerks testified, had been mailed to D. W. Wagner before his death. The witness was testifying from two to four years after the transactions involved.

The chief controversy arises out of the claim that there is still due on what is called the "bakery job," $1,570.00, all of which is claimed to be now due. We find in the bill of particulars two items, both dated August 26, 1926, one "bakery job" $1,570.00, and one "balance on bakery account" $225.00. When confronted with the suggestion that these items on the same date probably meant that while the original price for the bakery job was $1,570.00, the entire amount thereof had been paid except the balance of $225.00, the plaintiff finally undertook to say that the item of $225.00 he thought was an error, and that this amount should therefore be eliminated. When it is remembered that Wagner did not die until October 28, 1926, three and a half months after the date the bakery job is charged, and more than a year after the date of the latest ticket referring thereto, and that Wagner had subsequently commenced paying on account of a different job, his own residence, on which the balance due was paid by his administratrix after his death; that no books were introduced; that this motion for judgment was not made until May, 1928; that the amount originally sued for had been twice reduced— once in the bill of particulars, and again by the item of $225.00 which we have referred to—the result of the case is not surprising.

We think it unnecessary to extend the references to the evidence. It is vague, confusing and unsatis-

factory—perhaps necessarily so because the witness was relying upon uncertain memory. The trial judge gave the plaintiff a small recovery as to items which seemed to him to have sufficient corroboration. In the confused state of the record, we are not prepared to say that even these items were supported by competent testimony, but we shall not disturb the judgment.

*Affirmed.*